**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| CHARLES DAWSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00034-O-BP |
| | § | |
| TRANSUNION LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On January 14, 2022, *pro se* Plaintiff Charles Dawson filed this civil action complaining of TransUnion LLC and Douglas J. Brooks under the Fair Credit Reporting Act, specifically "FCRA 611, 15 USC 1681; 611 A(1), 623(a)(1) A(B)." ECF No. 1 at 3. Dawson alleges that "Trans Union LLC is currently reporting inaccurate and false information" and "knowingly violating" the statutes referenced above. *Id.* at 4. The case was referred to the undersigned United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b) and Special Order No. 3. ECF No. 4. The Court granted Dawson's Motion for Leave to Proceed in Forma Pauperis. ECF No. 6.

On February 3, 2022, the Court issued a Questionnaire to Dawson to gather further information that would be helpful to the Court in adjudicating the case and set a response deadline of March 3, 2022. ECF No. 7. When Dawson did not respond, the Court *sua sponte* extended the deadline to March 21, 2022. ECF No. 8. In the extension order, the Court cautioned Dawson that if he did "not meet this extended deadline, then the undersigned may recommend his case be dismissed under Federal Rule of Civil Procedure 41(b)." ECF No. 8. As of the date of this Order, Dawson has not responded to the Court's Questionnaire. Because Dawson has failed to comply with the Court's Order, the undersigned **RECOMMENDS** that United States District Judge Reed

O'Connor **DISMISS** this case **without PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or obey a court order.

Courts may issue questionnaires to *pro se* parties to gain a better understanding of their claims. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (court should not dismiss complaint without attempting to further develop *pro se* party's insufficient factual claims); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (questionnaire is appropriate vehicle for court to determine the facts underlying *pro se* plaintiff's complaint). Although the party's questionnaire answer does not "constitute an independent pleading," it does become part of the *pro se* party's "total filing." *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996).

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). "This authority flows from the court's inherent power to control its docket[,] prevent undue delays in the disposition of pending cases," and avoid congested court calendars. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal with prejudice for want of prosecution is an extreme sanction that should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Id.*

Dawson has neither responded to the Court's Questionnaire, nor complied with the Court's Order extending his deadline to respond. *See* ECF Nos. 7-8. It appears Dawson no longer desires to pursue his claims in this cause. Absent compliance with the Court's orders, this case cannot proceed. However, in light of this case's status, imposing fines and costs is not appropriate. Although Dawson has failed to comply with the Court's Questionnaire and extension order, it is

not evident from the record that he has engaged in purposeful delay or contumacious conduct. Upon considering all relevant factors, the undersigned finds that the interests of justice and those of judicial efficiency would best be served by dismissal of this action without prejudice.

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** Dawson's Complaint **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for want of prosecution and failure to obey the Court's order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on March 25, 2022.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE